# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**STACY BLAKE**                                                                        **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 4:22-CV-68--DAS**

**KILOLO KIJAKAZI, ACTING COMMISSIONER**
**OF THE SOCIAL SECURITY ADMINISTRATION**         **DEFENDANT**

## MEMORANDUM OPINION AND JUDGMENT

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding her application for disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Fifth Circuit Court of Appeals. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard and considered oral argument, finds the decision of the Commissioner of Social Security should reversed and remanded for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Stacy Blake, filed for benefits on April 29, 2020, alleging onset of disability commencing on February 23, 2019, but corrected to February 27, 2019, because of the date of a prior denial. The Social Security Administration denied the claim initially and on reconsideration. Her date last insured (DLI) was June 30, 2019, marking the expiration of her insured status for disability benefit. Following the hearing, the ALJ issued an unfavorable

decision on July 27, 2021. (Dkt. 7 p.16-29).[1] The Appeals Council denied the request for review, and this timely appeal followed.

The ALJ determined Blake had the following severe impairments: diabetes, diabetic neuropathy, obesity, lupus, unspecified type and unspecified organ involvement, hypothyroidism, dysphasia, hypertension, and polyarthralgia, with component osteoarthritis. The ALJ found Blake had the residual functional capacity (RFC) to perform a limited range of sedentary work. She can lift or carry twenty pounds occasionally and ten pounds frequently. She can stand and walk for two hours out of an eight-hour workday and sit for six of eight hours. She can never climb ladders or scaffolds, crawl, or walk around heights or moving machinery. She can occasionally climb ramps and stairs, stoop, kneel, crouch, and drive. Blake can frequently finger, handle, and reach. She can read ordinary newspaper or book size print only with a magnification device. She is able to avoid ordinary hazards in the workplace like boxes on the floor, open doors, and approaching people or vehicles.

The ALJ found that Blake can perform her past relevant work as a radio disc jockey, finding, based on the testimony of the vocational expert (VE), that it was a skilled job generally performed at the sedentary level. The ALJ also found Blake can perform her prior work as a data entry clerk, a semiskilled job performed at the sedentary level. The ALJ, therefore, determined that Blake was not disabled.

## ISSUES AND ANALYSIS

The plaintiff has raised four issues, and the court finds merit in each of them. Both the second and fourth arguments question the ALJ's decision to restrict his consideration of medical evidence to the records from the plaintiff's approximately four-month window of eligibility. In

---

[1] All references are to the administrative record using the court's numbering system, rather than the administrative numbering.

both assignments the plaintiff argues the ALJ erred when he deemed these records irrelevant because they were not strictly contemporaneous with the eligibility period. The court has consolidated these assignments and addresses them together.

### 1. Accepting the VE's Testimony About Past Relevant Work

Blake argues first that the ALJ erred when he accepted the VE's testimony that Blake's past relevant job was as a radio disc jockey and that this job was a sedentary job. The plaintiff argues that her past job was a composite job rather than being simply a disc jockey. Because the ALJ erred when he accepted the VE's testimony concerning the exertional level of this job, the court does not reach that issue. The VE testified that the job of disc jockey as actually performed by Blake was performed at the medium level of exertion, but that the job is generally performed at the sedentary level of exertion. However, this is not correct. The applicable DOT number provides that the work of disc jockey is generally performed at the light level of exertion (DOT 159.147-014). Blake's RFC limited her to sedentary work with restrictions consistent with light work only in lifting and carrying. This is clearly prejudicial error as the RFC is inconsistent with the exertional level of past relevant work as a disc jockey. Consequently, the court remands the issue to the ALJ.

### 2. Limiting Consideration of Medical Evidence

The plaintiff in the second and fourth assignments argues the ALJ erred when he failed to consider medical evidence pre-dating the date of onset and medical evidence dated shortly after her date last insured.

Blake had previously applied for and been denied disability benefits, a denial that was affirmed by this court. Her date of onset, March 27, 2019, is the date of the ALJ's decision in the prior claim. Her date last insured was June 30, 2019. The ALJ limited his consideration of

the medical evidence in this action to those records created during this brief period -- just over four months -- in assessing her claim for disability. The ALJ stated:

> The record also reflects medical documentary evidence submitted in Exhibit B55 F, B6F and B11F through B18F. however, the undersigned did not provide the articulation about this evidence because it falls outside the applicable period adjudicated and therefore is neither inherently valuable nor persuasive to the issue of whether the claimant is disabled in accordance with 20 CFR 416.920b"
> R. 28.

The Commissioner argues the *res judicata* effect of the prior decision means that the ALJ did not err when he did not consider and address evidence from the earlier claim. However, the plaintiff is not seeking to reopen the earlier case, nor attempting to obtain benefits for this earlier period. But the *res judicata* effect of that decision does not as a matter of law *necessarily* render evidence preceding the date of onset irrelevant. Failing to consider earlier evidence can, and in this case, is prejudicial error Likewise, medical evidence created after a claimant's insured status expired may nevertheless be highly relevant.

The Commissioner cannot arbitrarily ignore medical evidence predating the date of onset nor medical evidence outside the applicable time-period as "neither inherently valuable nor persuasive." *Id.* The question really comes down to whether -- as a matter of fact and logic -- the evidence is relevant to the question of disability or not. As a matter of fact and logic, medical evidence predating the onset or post-dating the DLI may be relevant and even vital to determining a claimant's condition and functional capacity during the time frame to be adjudicated.

In Blake's case another ALJ determined that Blake, as of the day before her onset in this case, had all the severe impairments listed in the current decision. But that ALJ also found Blake had severe degenerative disc disease of the cervical spine, status-post fusion. While the earlier ALJ's findings do not bind the ALJ in this case, this neck condition is not discussed at all in this

4

case, as severe or not. But the impairment and functional limits flowing from Blake's neck problems presumably did not disappear after the first decision. The omission of any discussion of the neck impairment demonstrates why the ALJ erred and the prejudice to the plaintiff. This case demonstrates the type of prejudicial errors that can result from excluding consideration of the evidence based solely on the date of service. The hazard of this type of error may be most likely to occur in cases like this one with only a truncated eligibility period, where the lack of longitudinal records may create an inaccurate picture of a claimant's condition.

      Case law confirms that failure to consider records outside of an eligibility period may be prejudicial error. In *Davidson v. Colvin*, 164 F.3d 926, (N.D. Tex. 2015), the plaintiff claiming disability commencing in 2011, argued the ALJ erred in failing to address two opinions by her treating physician, given in 2009 and 2010. Those opinions found that Davidson would not be able to sustain employment because of recurrent hepatitis C. The *Davidson* court noted that Social Security regulations required the ALJ to consider *all* medical opinions in the record with no exception based on the date of the records.[2] After reviewing cases from other circuits,[3] the court found that the ALJ had erred in not addressing these earlier opinions. The medical opinions could not be ignored "just because they predate the disability onset date." *Id.* at 942; *see also Cauthen v. Commissioner of Social Security,* 415 F.Supp.3d 738, 2019 WL 6166281 (N.D. Miss. 2019.

      The plaintiff also complains the ALJ ignored an EMG/NCV of Blake's lower

---

[2] While the regulations regarding the consideration of medical opinions have been substantially amended since this case, the new regulations also do not except medical opinions that predate onset from consideration. 20 C.F.R. § 404.1520c(a)("When a medical source provides one or more medical opinions …we will consider those medical opinions…from that medical source together using the factors listed in paragraphs (c)(1) and (c)(2) of this section as appropriate.") and 20 C.F.R. § 404.1520c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions … in your case record."
[3] *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008); *DeBoard v. Commissioner*, 211 Fed. App'x 411, 414 (6th Cir. 2006); *Burks v. Shalala,*7 F.3d 1346, 1348 n. 6 (8th Cir. 1993); *Frustaglia v Sec'y of Health & Human Servs,* 829 F.2d 192, 193(1st Cir. 1987); *Halvorsen v. Heckler*, 743 F.2d 1221, 1225-26 (7th Cir. 1984).

extremities which showed severe diffuse axonal neuropathy in both of her lower extremities. This testing was performed between three and four months after her date last insured. With the short time between the testing and the DLI, this evidence may provide objective findings to support Blake's subjective complaints. Consequently, the court remands these issues to the ALJ.

### 3. ERROR IN DISCUSSING OBESITY

The plaintiff also asserts error in the ALJ's discussion and analysis of the plaintiff's obesity.

Blake is severely obese with BMIs in her four-month window of eligibility of 43.96 and 43.8. The ALJ's discussion addresses this issue with little more than the listing of her BMIs and admitting her obesity is a severe impairment. In discussing the impact of her obesity on her functioning and other impairments, the ALJ wrote:

> The record also indicates the claimant's obesity impacted the claimant's diabetes, as the claimant was instructed to assume a lower glycemic diet in an effort to reduce the claimant's weight and as a byproduct reduce the claimants A one C levels (Exhibit B 3 F). Notably, however, no restrictions were assigned in conjunction with the claimant's obesity that would prevent the performance of work consistent with the RFC above. R. 25.

Social Security Ruling 19-2P, 2019 WL 2374244 (May 20, 2019) sets out agency policy for the evaluation of obesity. It provides in pertinent part: We must consider the limiting effects of obesity when assessing a person 's RFC…. *As with any other impairment, we will explain how we reached our conclusion on whether obesity causes any limitations." Id.* at **4. (Emphasis added). This SSR acknowledges that because obesity increases stress on weight-bearing joints it may cause limitations impacting exertional and nonexertional activities of sitting, standing, walking, lifting, carrying, pushing, and pulling, climbing, balancing, stooping, kneeling, crouching, and crawling

and "may contribute to limitation of the range of motion of the skeletal spine and extremities…." *Id.* The SSR explains that the RFC is to be assessed to show "the effect obesity has upon the person's ability to perform routine movement and necessary physical activity within the work environment. People with an MDI (medically determined impairment) of obesity may have limitations in the ability to sustain a function over time. In cases involving obesity, fatigue may affect the person's physical and mental ability to sustain work activity." *Id.* The analysis shall include considering the combined impact of obesity with other impairments, recognizing that the combination of two or more impairments may cause greater limitation any of the impairments when considered alone. The SSR gives the example of a combination of obesity and arthritis where a person with obesity and arthritis may have more pain and functional limitations than if the person only had arthritis. *Id.*

While the court does not decide if this error standing alone rises to the level of reversible error, because the case is remanding on other grounds, the ALJ shall explain the impact of Stacy's obesity on her functional capacity, including impact on her other impairments.

**IT IS, THEREFORE, ORDERED** that the decision of the Commissioner is reversed and remanded.

1. The ALJ will reconsider the RFC because of the error in the VE's testimony concerning the exertional level of the disc jockey job . A Step 5 analysis, supported by VE testimony, shall be performed.

2. The ALJ on remand, shall consider the medical records from the previous claim and any later medical records to establish the longitudinal record of Blake's treatment and conditions.

It shall determine if these records bear on the severity of her conditions and the extent of impairments during the adjudicative time frame, particularly with regard to her degenerative neck disease and diabetic neuropathy. If the ALJ finds non-contemporaneous records are not relevant to the determination, the basis for this finding will be explained.

      3. The ALJ shall consider the impact of Blake's obesity on her other impairments and explain how the obesity and its impact on the other impairments have been factored into the RFC

      **SO ORDERED AND ADJUDGED** this the 28th day of April, 2023.

      **/s/ David A. Sanders**
      **U.S. MAGISTRATE JUDGE**